UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUSTINE LEE DUDA,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br>Defendant. | Case No. 2:25-cv-01767-EJY<br>**ORDER** |

Plaintiff Justine Lee Duda ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding she is not disabled under the Social Security Act (the "Act"). ECF No. 14, Administrative Record ("AR") 538. The Court reviewed Plaintiff's Brief (ECF No. 14) and the Commissioner's Response (ECF No. 17). Plaintiff did not file a reply. The Court finds as follows.

## I. BACKGROUND

Plaintiff filed a Title XVI application for supplemental security income on June 14, 2021. ECF No. 14 at 3, *see also* AR 236. The Commissioner denied Plaintiff's application initially and upon reconsideration. ECF No. 14 at 3. Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ") that was initially held on October 11, 2022, with a supplemental hearing on April 6, 2023. *Id*. The ALJ issued his decision on May 24, 2023 finding Plaintiff not disabled. *Id*. Plaintiff requested review of the ALJ's decision that was denied by the Appeals Council on January 5, 2024. AR 1. Plaintiff filed a Complaint in this Court on March 5, 2024, and the matter was voluntarily remanded two months later on May 7, 2024. ECF No. 14 at 3.

On remand, a new ALJ was appointed to preside over the matter. *Id*. An oral hearing was held on April 15, 2025, and the ALJ published an unfavorable decision on May 30, 2025. On July 30, 2025 the ALJ's decision became the final decision of the Commissioner as Plaintiff did not file exceptions, and the Appeals Council did not initiate its own review. *Id.*; *see* 20 C.F.R. § 404.984. Plaintiff now seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if it is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

> Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).
>
> Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitle116d to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV. SUMMARY OF THE ALJ'S DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 14, 2021. AR 529. At step two, the ALJ identified Plaintiff as having the following severe impairments: "cerebral palsy (CP), recurrent major depressive disorder, borderline intellectual functioning and obesity." *Id*. The ALJ found Plaintiff's prior diagnoses of "seizure disorder/epilepsy, vitamin D/B12 deficiency, hypothyroid, mixed hyperlipidemia, essential hypertension, endometriosis, acute urinary tract infection, polyneuropathy, sacrococcygeal disorder, varicose veins, and marijuana dependency" to be non-severe impairments. AR 530.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the "listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d) and 416.926)." *Id*. The ALJ then determined Plaintiff retained the residual functional capacity ("RFC") to perform "sedentary work as defined in 20 CFR 416.967(a), except she can understand, remember and carry out simple instructions." AR 532. The ALJ noted that Plaintiff had no past relevant work, but given her age, education … and [RFC]" she could perform jobs existing in significant numbers in the national economy. AR 537. Thus, the ALJ concluded Plaintiff was not disabled as defined by the Act from her onset date through the date of the ALJ's decision. AR 538.

## V. DISCUSSION

a. Issue Before the Court.

Whether the ALJ's RFC limiting Plaintiff to simple work is supported by substantial evidence. ECF No. 14 at 5.

b. The RFC is Supported by Substantial Record Evidence.

An RFC assessment must "[c]ontain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate." SSR 96-8p, 61 Fed. Reg. at 34478. That said, an ALJ, not a doctor, is responsible for determining a plaintiff's RFC. 20 C.F.R. § 404.1546(c); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (noting that "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC"). The ALJ's

findings of fact, as embodied in the RFC, are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *See Burch*, 400 F.3d at 679. "There is no requirement that the RFC be based on a specific medical opinion, as long as the resulting formulation is supported by substantial evidence." *Jessica V. v. Bisignano*, 807 F.Supp.3d 1225, 1230 (D. Nev. 2025) (quoting *Brian A.B. v. O'Malley*, Case No. 3:23-cv-00070-HRH, 2024 WL 982275, at *8 (D. Alaska Mar. 7, 2024) (collecting cases)). Moreover, an "ALJ is not required to adopt every limitation set forth in a medical opinion," but rather is "tasked with translating limitations that are both supportable and consistent with the record into the RFC." *Brett M. v. Comm'r Soc. Sec. Admin.*, Case No. 3:23-CV-00294-AR, 2024 WL 1831242, at *6 (D. Or. Apr. 26, 2024).

Here, Plaintiff argues the RFC is not supported by substantial evidence because no medical opinion in the record mirrors the RFC's limitation and, thus, the ALJ must have relied on his "lay opinion." ECF No. 14 at 5, 8. However, as many courts in the Ninth Circuit have held, an RFC need not be supported by a specific medical opinion so long as it is supported by substantial evidence overall. *E.g. Jessica V.*, 807 F.Supp.3d at 1230; *Rios v. O'Malley*, Case No. 1:22-CV-01509-SKO, 2024 WL 584079, at *6 (E.D. Cal. Feb. 13, 2024) ("The RFC does not need to reflect a specific medical opinion.").

Applying the deferential substantial evidence standard, the Court finds it must uphold the ALJ's decision. The ALJ summarized Plaintiff's mental status examinations in January 2022, November 2022, March 2023, and August 2023, all of which were unremarkable. AR 534. The ALJ also discussed the medical opinion and prior administrative medical findings from five practitioners. AR 535-36. With respect to Plaintiff's mental limitations, the ALJ found the opinion of Dr. Ana Olivares, who found Plaintiff capable of understanding, remembering, and carrying out simple and some detailed tasks, to be persuasive to the extent consistent with the broader record including treatment notes from subsequent evaluations by other treatment providers. AR 536. The ALJ also found the opinion of Plaintiff's treating provider (Dr. Ashley Sebastian) to be partially persuasive because it appeared to be based on Plaintiff's subjective complaints rather than objective

findings. *Id.* Dr. Sebastian found Plaintiff "had no limitations due to any mental health impairments." *Id.* Lastly, the ALJ found the opinion of consultative examiner Dr. Milagro Gonzalez[1] to be partially persuasive. AR 536-37. Dr. Gonzalez found Plaintiff had a moderate limitation in her ability to understand, remember, and carry out complex and detailed instructions. AR 536. The ALJ reasoned that he found this opinion to be partially persuasive because Plaintiff's IQ "is in the extremely low range," and thus, found a limitation to simple work was better supported by the overall record. AR 537.

Plaintiff contends the ALJ erred because Dr. Gonzalez limited her to simple one or two step instructions, yet the ALJ limited Plaintiff to simple work without reconciling the different limitations. ECF No. 14 at 7. However, Plaintiff's characterization of the record is inaccurate. Dr. Gonzalez found Plaintiff had *no* limitation with her ability to carry out simple one or two step instructions and a moderate limitation in her ability to understand, remember, and carry out complex and detailed instructions. AR 491 (emphasis added). But even if Plaintiff's characterization was true, well settled law establishes that ALJs are not required to adopt every single proposed limitation. *See Brett M.*, 2024 WL 1831242, at *6.

Overall, Plaintiff's argument reflects a misunderstanding of her burden of proof. Plaintiff's burden extends beyond merely questioning the sufficiency of the ALJ's explanation for reaching the RFC he did. *Ukolov*, 420 F.3d at 1004 ("The claimant carries the initial burden of proving a disability.") (citation omitted). As stated in *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993), "[t]he mere existence of an impairment is insufficient proof of a disability" because the "claimant bears the burden of proving that an impairment is disabling." (Internal citations omitted). Based on a review of the ALJ's decision and the totality of the parties' presentation, the Court finds the ALJ's RFC is supported by substantial evidence in the record.

## VI. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 14) is DENIED.

[1] The Report was signed by both Dr. Kara Cross and Dr. Milagro Gonzalez. AR 493. Because the ALJ attributes the Report to Dr. Gonzalez in his written decision, the Court will continue to discuss the opinion as by Dr. Gonzalez for ease of reference.

IT IS FURTHER ORDERED that the Clerk of Court is to enter judgment in favor of the Commissioner of Social Security and close this case

Dated this 18th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE